UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND EDWARD VINCENT SAMPSON, | ) | CASE NO. 1:25-CV-1712 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) ) | |
| LAKE COUNTY DOMESTIC RELATIONS COURT, *et al*., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

**I.  INTRODUCTION**

*Pro se* plaintiff Raymond Edward Vincent Sampson filed this action against the Lake County Domestic Relations Court, Domestic Relations Court Judge Colleen A. Falkowski, Domestic Relations Court Magistrate Laurie Koerner, Lake County Job and Family Services, and the Lake County Sheriff's Office. (ECF No. 1). The complaint stems from proceedings in the Lake County Domestic Relations Court concerning Plaintiff's parental rights. (ECF No. 1, PageID #2; ECF No. 1-3, PageID #9). Plaintiff seeks judgment in his favor, an order restoring Plaintiff's parental contact and prohibiting further interference from the defendants, declaratory relief, and monetary relief. (ECF No. 1, PageID #3).

Also before the Court is Plaintiff's emergency motion for preliminary injunction and motion to expedite all proceedings "due to the ongoing and irreparable harm to Plaintiff's minor children and the continued deprivation of Plaintiff's fundamental constitutional rights." (ECF No. 4, PageID #39; ECF No. 5). Plaintiff further moves the Court to grants his registration for electronic filing notifications (i.e., e-filing access) as a *pro se* litigant. (ECF No. 3).

**II.  FACTUAL BACKGROUND**

On July 9, 2025, Plaintiff filed a civil rights action against the Lake County Domestic Relations Court, Domestic Relations Court Judge Colleen A. Falkowski, Domestic Relations Court Magistrate Laurie Koerner, Lake County Juvenile Court Magistrate Janette Bell, Domestic Relations Court Magistrate Jeffrey Black, and Lake County Job and Family Services. *See Sampson v. Lake Cnty. Domestic Rels. Ct.*, Case No. 1:25 CV 1440 (N.D. Ohio filed July 9, 2025). Plaintiff's complaint stemmed from state court proceedings concerning a domestic violence protection order filed against Plaintiff. (Pl's Compl. Dkt. No. 1). The Court dismissed Plaintiff's complaint, finding the Court lacked jurisdiction to review the state court judgments against Plaintiff pursuant to the *Rooker-Feldman* doctrine; Plaintiff's claims were barred by *res judicata*; the Court must abstain from interfering in the state court proceedings to the extent the action was still pending, under the *Younger* abstention; and Plaintiff failed to state a claim against any of the defendants, even if the Court had jurisdiction over his claims. (Mem. Op. and Order. Dkt. No. 6).

Plaintiff now files this action, also seeking relief from state court proceedings. In an attempt to differentiate the two actions, Plaintiff states that the prior action addressed only the domestic violence protection order issued by the Lake County Domestic Relations Court; this action concerns "federal and constitutional violations occurring during and surrounding proceedings in the Domestic Relations Court" and "does not seek to overturn, vacate, or appeal the [domestic violence protection order] itself." (ECF No. 1–3, PageID #8–9). In this complaint, Plaintiff makes the following claims: Defendants demonstrated bias against him during his parental rights proceedings; Magistrate Koerner did not conceal her intent to predetermine the outcome of the proceedings; Judge Falkowski made statements from the bench that revealed her intent to disregard Plaintiff's rights; the Lake County Domestic Relations Court (presumably through Magistrate Koerner) falsely stated that Plaintiff had refused to be transported from the jail

2

for a court hearing; Plaintiff was unable to cross-examine his son; and there was no "coordination between court officials and opposing party's counsel." (*See* ECF Nos. 1-1, 1-3).

Plaintiff generically alleges that the defendants' conduct constituted an unlawful seizure in violation of his Fourth Amendment rights, a violation of his Fourteenth Amendment Due Process and Equal Protection rights, and retaliation "for [e]xercising [p]rotected [r]ights." (ECF No. 1-1, PageID #5). He also alleges that Defendants conspired to deprive Plaintiff of his civil rights under 42 U.S.C. §1985. (*See* Doc. Nos. 1, PageID #2–3; ECF No. 1-1, PageID #5).

### III.     STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curium); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564–69 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff need not include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a

simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

IV. **DISCUSSION**

Plaintiff's attempt to distinguish between his prior federal complaint and this one fails. Whether he objects to the state court's issuance of a domestic violence protection order or challenges other decisions rendered in the Lake County Domestic Relations Court proceedings, this Court lacks jurisdiction to review those decisions. Even if the Court had jurisdiction over Plaintiff's claims, Plaintiff fails to state a claim against any defendant.

A. **Jurisdiction**

Plaintiff is asking this Court to overturn a state court judgment and issue judgment in his favor. The Court lacks jurisdiction to do so.

The *Rooker-Feldman* doctrine prohibits federal court review of a of a state-court judgment that a party claims violated his federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298–99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298–99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299. If the source of the

4

plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368–69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 539–40 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears to be Judge Falkowksi's and Magistrate Koerner's orders concerning Plaintiff's parental rights and his ability to visit his minor children, and he asks this Court to enter judgment in his favor. (ECF No. 1, PageID #3). Under *Rooker-Feldman*, this Court lacks jurisdiction to review the judgments of the Lake County Domestic Relations Court and grant Plaintiff's requested relief.

To the extent Plaintiff is seeking to relitigate the child custody or visitation matter already decided in the Lake County Domestic Relations Court, his claims are barred by *res judicata*. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153–54 (1979*)*; *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). The term "res judicata" literally means "a thing [already] adjudicated." *Res Judicata,* Black's Law Dictionary (9th ed. 2022). When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery Co., Inc.*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars re-litigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* at 661. Furthermore, *res judicata* bars Plaintiff from

relitigating in federal court claims and issues that were previously decided by a state court. *Montana*, 440 U.S. at 147–48.

Here, Plaintiff is challenging the judgment of the Lake County Domestic Relations Court concerning Plaintiff's ability to have contact with his minor children. (ECF No. 1, PageID #2; ECF No. 5, PageID #40). Plaintiff raised, or could have raised, his federal claims in the state court proceedings. Plaintiff cannot relitigate those issues here in the hope of obtaining a different result. The Court also lacks jurisdiction to consider child custody issues. Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Even if it did, child custody issues fall under the domestic relations exception to diversity jurisdiction. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 794–98 (6th Cir. 2015). If federal jurisdiction exists here, it must be based on federal law. Child custody determinations, however, are a matter of state law. *Ankenbrandt*, 504 U.S. at 704. The Court therefore lacks subject matter jurisdiction to make a child custody determination.

Finally, to the extent Plaintiff's state court proceedings are still pending, the Court must abstain from hearing challenges to those state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 41–45 (1971).  When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988).  If the state litigant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding.  *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions.  *Leveye v. Metro. Pub. Def. Off.*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45).  Abstention is mandated where federal court intervention "unduly interfere[s] with the legitimate activities of the [s]tates."  *Younger*, 401 U.S. at 44.  Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings.  *Watts*, 854 F.2d at 844.

As to the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims.  *Moore v. Sims*, 442 U.S. 415, 430 (1979).  The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims.  *Pennzoil Co.*, 481 U.S. at 14.  When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary."  *Id.* at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention

7

was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if the state court proceedings in the Lake County Domestic Relations Court are still pending, all three factors supporting abstention are present. State court proceedings involving domestic relations and child custody, visitation, or support matters implicate important state interests. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415 (1979)). There is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. The Court must therefore abstain from interfering with Plaintiff's pending state court proceedings in the Lake County Domestic Relations Court.

### B. Failure to State a Claim

Even if the Court had jurisdiction over Plaintiff's claims, Plaintiff fails to state a plausible claim against any of the defendants. Judge Falkowski and Magistrate Koerner are immune from suit. Generally, judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge, or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed

8

in error, done maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, neither exception to immunity applies. Plaintiff's allegations against Judge Falkowski and Magistrate Koerner concern decisions they made in connection with the proceedings in the Lake County Domestic Relations Court. Specifically, Plaintiff alleges that Judge Falkowski and Magistrate Koerner demonstrated bias during the state court proceedings, predetermined the outcome of the proceedings, disregarded Plaintiff's rights during the proceedings, falsely stated that Plaintiff refused to be transported to a court hearing, and denied Plaintiff's right to cross-examine a witness. (*See* ECF Nos. 1-1, 1-3). Judge Falkowski and Magistrate Koerner were acting as judicial officers when they rendered their decisions and issued their judgments in the state court proceedings. There is no suggestion in the complaint that the decisions rendered by these judicial officers were taken in complete absence of all subject matter jurisdiction of the court over which they preside. Judge Falkowski and Magistrate Koerner are therefore absolutely immune from suit.

Nor are the remaining defendants *sui juris*, meaning they are not legal entities that can sue or be sued in their own right. *See Bey v. S. Euclid Mun. Ct.*, No. 1:25-CV-01157, 2025 WL 2605418, at *2 (N.D. Ohio Sept. 9, 2025) (citing *Malone v. Ct. of Common Pleas of Cuyahoga Cnty.*, 45 Ohio St. 2d 245, 248 (1976) ("Absent express statutory authority, a court can neither sue nor be sued in its own right.") (quotation omitted)); *Rose v. Dep't of Children & Fam. Servs.*, No. 19-CV-127, 2019 WL 2123067, at *2 (N.D. Ohio May 15, 2019) (Cuyahoga County Department of Children and Family Services is not *sui juris* and cannot be sued in its own right) (collecting cases); *Wilson v. Trumbull County Dep't of Job & Fam. Servs.*, No. 4:12-CV-02163, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (finding that "numerous district courts" have found that

county agencies are not *sui juris* and granting motion to dismiss defendant Trumbull County Adult Protective Services because the county agency lacks the capacity to be sued) (collecting cases); *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued") (citations omitted). The claims against the Lake County Domestic Relations Court, the Lake County Job and Family Services, and the Lake County Sheriff's Office therefore fail as a matter of law.

The *Younger* abstention generally requires a federal court to stay rather than dismiss a damages action. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,' . . . 'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913–14 (6th Cir. 2006); *Moore v. City of Garfield Heights*, No. 1:12-cv-17000, 2012 WL 5845369, at *5 (N.D. Ohio Nov. 19, 2012)). However, a court may dismiss such an action rather than hold it in abeyance when the plaintiff has failed to state a viable claim for relief. *See Moore*, 2012 WL 5845369, at *5 (citing *Wheat v. Jessamine J. Newspaper*, No. 96-6426, 1996 WL 476435 (6th Cir. Aug. 20, 1996) (stating that dismissing a case rather than staying it is appropriate under *Younger* where a plaintiff fails to state a viable claim for relief)). In light of the foregoing, Plaintiff's claims are dismissed; Plaintiff's emergency motion for preliminary injunction and his motion for expedited proceedings are denied as moot.

## V. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) but **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2). Given the case is dismissed, the Court **DENIES** Plaintiff's motion for e-filing access. The Court further **DENIES**

Plaintiff's emergency motion for preliminary junction and motion for expedited proceedings as moot. The Court **CERTIFIES**, under 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED**.

Date: December 9, 2025

                                              **CHARLES E. FLEMING**
                                              **UNITED STATES DISTRICT JUDGE**